IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHALLIS LORENZO LEWIS, # L6223**                                       **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 5:15cv81-DCB-MTP**

**WILKINSON COUNTY CORRECTIONAL**
**FACILITY MEDICAL DEPARTMENT**
**AND STAFF, et al.**                                                 **DEFENDANTS**

### ORDER DENYING RECONSIDERATION

BEFORE THE COURT is *pro se* Plaintiff Challis Lorenzo Lewis's Second Response to the Second Order to Show Cause [20], which the Court construes as a motion for reconsideration. Plaintiff is incarcerated with the Mississippi Department of Corrections. On May 12, 2016, the Court dismissed this case for Plaintiff's failure to obey Court Orders. On May 31, Plaintiff filed the instant motion, which is a copy of his initial Response [17] to the Second Order to Show Cause [16], as well as a mail log indicating that the initial Response was mailed to the Court on April 18, 2016. Thus, Plaintiff appears to be demonstrating that he had timely filed the initial Response prior to the dismissal of this case. For the reasons set forth below, the motion is denied.

Since Plaintiff filed the motion within twenty-eight days of the Final Judgment, the motion shall be treated as arising under Rule 59(e). Fed. R. Civ. P. 59(e); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989). A Rule 59(e) motion to alter a judgment should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence that could not have been diligently discovered earlier; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567-

68 (5th Cir. 2003).  Motions for reconsideration are not to be used to relitigate old matters or to present evidence that could have been raised prior to entry of judgment.  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).  "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

      The Court dismissed this case, because Plaintiff failed to respond to the Court's inquiries set out in the Order Correcting Docket and Requiring Plaintiff to Respond [14], entered February 11, 2016.  The Court had twice notified Plaintiff of this deficiency and ordered him to show cause.  Plaintiff now appears to show that he timely filed a Response to the latest of these Orders.

      The Court, however, did not dismiss the case, because it did not receive Plaintiff's Response to the Second Order to Show Cause.  The Court recognized that, "Plaintiff filed an Order of Response [17], but it did not address the Court's inquiries of February 11, 2016."  (Order of Dismissal Without Prejudice at 1).  Therefore, Plaintiff's motion is not well taken.

      Plaintiff fails to point to any error of fact or to any manifest injustice in the Order of Dismissal Without Prejudice [18].  He presents no other basis under Rule 59(e) for reconsideration of the dismissal.  His motion should be denied.

      **IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the foregoing reasons, *pro se* Plaintiff Challis Lorenzo Lewis's Second Response to the Second Order to Show Cause [20], which the Court construes as a motion for reconsideration, is **DENIED**.

      **SO ORDERED AND ADJUDGED**, this the 20th day of June, 2016.

                                s/David Bramlette

UNITED STATES DISTRICT JUDGE